UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jimmy Davis, | ) Civil Action No.: 2:14-cv-02205-RBH |
|     Plaintiff, | ) |
| v. | ) **ORDER** |
| Carolyn W. Colvin, Acting Commissioner of the Social Security Administration, | ) |
|     Defendant. | ) |

This matter is before the Court following the issuance of a Report and Recommendation ("R&R") by United States Magistrate Judge Mary Gordon Baker.[1] Plaintiff, Jimmy Davis, brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commission of Social Security ("the Commissioner") denying Plaintiff's claim for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). The Magistrate Judge recommended affirming the Commissioner's decision denying Plaintiff's claim for benefits.

**FACTUAL FINDINGS AND PROCEDURAL HISTORY**

Plaintiff applied for DIB and SSI on August 11, 2011, alleging disability as of December 1, 2009. The applications were denied initially and on reconsideration. Plaintiff then requested a hearing before an administrative law judge ("ALJ"). A hearing was held before the ALJ on November 27, 2012. Plaintiff, represented by an attorney, appeared and testified. A vocational expert also testified. The ALJ issued a decision on February 22, 2013, finding that Plaintiff was not disabled. The ALJ's findings are as follows:

---

[1] This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2).

1.  The claimant meets the insured status requirements of the Social Security Act through December 31, 2015 (Exhibit 3D).

2.  The claimant has not engaged in substantial gainful activity since December 1, 2009, the alleged onset date (20 C.F.R. 404.1571 *et seq*., and 416.971 *et seq*.).

3.  The claimant has the following severe impairments: lumbar spine degenerative disc disease, psoriatic arthritis, methicillin resistant staphylococcus aureus; and depression with anxiety (20 C.F.R. 404.1520(c) and 416.920(c)).

4.  The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in Listings 1.00, 6.00, 12.00 and 14.00 in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5.  After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform medium work as defined in 20 C.F.R. 404.1567(c) and 416.967(c) with exceptions. He can lift up to 50 pounds occasionally and lift and carry up to 25 pounds frequently. The claimant can sit six hours in an eight-hour workday, stand or walk six-to-eight hours in an eight-hour workday. He can push and pull constantly with his left upper extremity and frequently with his right upper extremity. The claimant can frequently operate foot controls bilaterally. He has no limitations in reaching overhead with his left upper extremity and can reach overhead frequently with his right upper extremity. The claimant must avoid concentrated exposure to extreme cold; moderate exposure to extreme heat; and moderate exposure to wetness or humidity. He must avoid even moderate exposure to chemicals including the glue used in woodworking. The claimant can work where there is no fast-paced production rate or fast-paced work.

6.  The claimant is unable to perform any past relevant work (20 C.F.R. 404.1565 and 416.965).

>   7.  The claimant was born on February 28, 1979 and was 30 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date. At 34 years of age, the claimant is still a younger individual aged 18 through 49 (20 C.F.R. 404.1563 and 416.963).
>
>   8.  The claimant has a limited education and is able to communicate in English (20 C.F.R. 404.1564 and 416.964).
>
>   9.  Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2).
>
>   10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. 404.1569, 404.1569(a), 416.969, and 416.969(a)).
>
>   11. The claimant has not been under a disability, as defined in the Social Security Act, from December 1, 2009, through the date of this decision (20 C.F.R. 404.1520(g) and 416.920(g)).

[ALJ Decision, ECF #10-2, at 14-20].

The ALJ's finding became the final decision of the Commission when the Appeals Council denied Plaintiff's request for further review on April 7, 2014. Plaintiff filed this action on June 6, 2014, seeking judicial review of the Commissioner's decision. [Compl., ECF #1]. Both Plaintiff and the Commissioner filed briefs, [ECF ##12, 14, and 15]. The Magistrate Judge issued her Report and Recommendation ("R&R") on July 10, 2015, recommending that the Commissioner's decision be affirmed. [R&R, ECF #17]. Plaintiff filed timely objections to the R&R on August 16, 2015.

[Plaintiff's Objections, ECF #20]. The Commissioner filed a response to Plaintiff's objections on August 26, 2015. [Defendant's Response to Plaintiff's Objections, ECF #22].

## STANDARD OF REVIEW

The federal judiciary has a limited role in the administrative scheme established by the Act, which provides the Commissioner's findings "shall be conclusive" if they are "supported by substantial evidence." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

This statutorily mandated standard precludes a de novo review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299, 302 (4th Cir. 1968). The Court must uphold the Commissioner's factual findings "if they are supported by substantial evidence and were reached through application of the correct legal standard." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) (stating that even if the Court disagrees with the Commissioner's decision, the Court must uphold the decision if substantial evidence supports it). This standard of review does not require, however, mechanical acceptance of the Commissioner's findings. *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). The Court "must not abdicate [its] responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner]'s findings, and that [her] conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

## APPLICABLE LAW

Under the Act, Plaintiff's eligibility for the benefits he is seeking hinges on whether he is under a "disability." 42 U.S.C. § 423(a). The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *Id.* § 423(d)(1)(A). The claimant bears the ultimate burden to prove disability. *Preston v. Heckler*, 769 F.2d 988, 991 n.\* (4th Cir. 1985). The claimant may establish a prima facie case of disability based solely upon medical evidence by

demonstrating that his impairments meet or equal the medical criteria set forth in Appendix 1 of Subpart P of Part 404 of Title 20 of the Code of Federal Regulations. 20 C.F.R. §§ 404.1520(d) & 416.920(d).

If such a showing is not possible, a claimant may also establish a prima facie case of disability by proving he could not perform his customary occupation as the result of physical or mental impairments. *See Taylor v. Weinberger*, 512 F.2d 664, 666-68 (4th Cir. 1975). This approach is premised on the claimant's inability to resolve the question solely on medical considerations, and it is therefore necessary to consider the medical evidence in conjunction with certain vocational factors. 20 C.F.R. §§ 404.1560(a) & § 416.960(a). These factors include the claimant's (1) residual functional capacity, (2) age, (3) education, (4) work experience, and (5) the existence of work "in significant numbers in the national economy" that the individual can perform. *Id.* §§ 404.1560(a), 404.1563, 404.1564, 404.1565, 404.1566, 416.960(a), 416.963, 416.964, 416.965, & 416.966. If an assessment of the claimant's residual functional capacity leads to the conclusion that he can no longer perform his previous work, it then becomes necessary to determine whether the claimant can perform some other type of work, taking into account remaining vocational factors. *Id.* §§ 404.1560(c)(1) & 416.960(c)(1). Appendix 2 of Subpart P governs the interrelation between these vocational factors. Thus, according to the sequence of evaluation suggested by 20 C.F.R. §§ 404.1520 & 416.920, it must be determined (1) whether the claimant currently has gainful employment, (2) whether he suffers from a severe physical or mental impairment, (3) whether that impairment meets or equals the criteria of Appendix 1, (4) whether, if those criteria are met, the impairment prevents him from returning to previous work, and (5) whether the impairment prevents him from performing some other available work.

ANALYSIS

The Magistrate Judge recommended affirming the ALJ finding the decision supported by substantial evidence. Specifically, the Magistrate Judge found substantial evidence supported the ALJ's decision to give no weight to Dr. Yannetti's opinion that Plaintiff was disabled. The Magistrate Judge also found substantial evidence supported the ALJ's residual functional capacity ("RFC") determination that Plaintiff could perform medium work with some limitations. In reaching that conclusion, the Magistrate Judge found the ALJ properly considered Plaintiff's combination of impairments when making the RFC assessment. Finally, the Magistrate Judge found that the additional evidence submitted to the Appeals Council - a one page letter from Theodore Grieshop, M.D., Tr. 472 - was not material evidence because there was not a reasonable possibility that the evidence would have changed the outcome.

I.     **Dr. Yannetti's Opinion**

Dr. Yannetti was Plaintiff's primary care physician from April 23, 2012, through September 11, 2012 and examined the Plaintiff four times. In his treatment note for July 17, 2012, Dr. Yannetti stated "[a]lthough he is applying for disability and is for all intents and purposes is [sic] completely disabled would like to try to go back to work... The patient at this point because of the psoriatic arthritis is in my mind completely disabled." Tr. 370. The ALJ gave no weight to Dr. Yannetti's opinion stating:

> I give Dr. Yannetti's opinion of disability no evidentiary weight as
> it is not consistent with the objective evidence as a whole,
> including his own clinical examination findings above. I also note
> that his opinion that the claimant is disabled essentially opines as
> to the ultimate issue which is reserved for the Commissioner's
> determination.

Tr. 16.

Plaintiff argues it was improper for the ALJ to give no weight to Dr. Yannetti's opinion because Dr. Yannetti's opinion of disability was not inconsistent with his treatment records. Plaintiff also argues that the ALJ's decision to give no weight to Dr. Yannetti's opinion violates Social Security Ruling 96-2p, which states "a finding that a treating source medical opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to 'controlling weight,' not that the opinion should be rejected."

When evaluating medical opinions, an ALJ should examine "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." *Johnson v. Barnhart*, 434 F.3d 650, 654 (4th Cir. 2005). "[A]n ALJ may, under the regulations, assign no or little weight to a medical opinion, even one from a treating source, based on the factors set forth at 20 C.F.R. § 416.927(d), if he sufficiently explains his rationale and if the record supports his findings." *Wireman v. Barnhart*, Civil Action No. 2:05CV00046, 2006 WL 2565245, at *8 (W.D.Va. 2006); *see also Bishop v. Comm'r of Soc. Sec.*, 583 Fed. Appx. 65, 67 (4th Cir. 2014) (affirming ALJ's decision to afford no weight to the treating physician's opinion); *Dellinger v. Colvin*, No. 6:14-cv-1150-DCN, 2015 WL 5037942, at *8-9 (D.S.C. Aug. 26, 2015) (affirming ALJ's decision to afford no weight to the treating physician's opinion where the ALJ gave specific reasons for the weight given to the treating source's medical opinion, reasons that were supported by the evidence in the case record).

Here, the ALJ considered Dr. Yannetti's opinion to find that it established that the Plaintiff had a severe impairment. However, the ALJ gave Dr. Yannetti's opinion that Plaintiff was disabled no weight because it was not consistent with the objective evidence as a whole, including his own clinical findings. The ALJ also gave Dr. Yannetti's opinion of disability no weight because it essentially opined as to the ultimate issue reserved to the Commissioner. The ALJ clearly stated his conclusion that Dr. Yannetti's opinion was not consistent with the objective evidence in the record. The ALJ referenced Dr. Yannetti's clinical findings, but also referenced the objective evidence as a whole, which would include Plaintiff's function report of his daily activities. Plaintiff's stated daily activities are not consistent with a finding of disability or Dr. Yannetti's opinion. Under *Johnson*, given the specific and legitimate reasons provided, the ALJ was permitted to reject the treating physician's opinion in its entirety and assign it no weight. *See Bishop*, 583 Fed. Appx. at 67.

Plaintiff argues that the ALJ violated Social Security Ruling 96-2p by giving no weight to Dr. Yannetti's opinion. Social Security Ruling 96-2p provides that:

> Adjudicators must remember that a finding that a treating source medical opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 CFR 404.1527 and 416.927. In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight.

SSR 96-2p.

Plaintiff relies on *Farmer v. Astrue*, No. 3:08-cv-0739, 2010 WL 500450, at *2 (D.S.C. Feb. 5, 2010), which involved a motion for attorney's fees, and *Cogdell v. Astrue*, No. 8:10-cv-105, 2010

9

WL 6243317, at *8 (D.S.C. Dec. 20, 2010), which was a Report and Recommendation by a Magistrate Judge. Despite Plaintiff's arguments, the holdings in *Farmer* and *Cogdell* appear to be inconsistent with the position taken by the Fourth Circuit Court of Appeals. In *Bishop v. Comm'r of Soc. Sec.*, the Fourth Circuit affirmed the ALJ's decision to give "no weight" to the treating physician's opinion so long as the ALJ gave specific and legitimate reasons for rejecting it. 583 Fed. Appx. at 67; *see also Newton v. Apfel*, 209 F.3d 448, 455-56 (5th Cir. 2000) (stating that a treating physician's opinions are not conclusive and may be assigned little or no weight when good cause is shown). Similarly, Judge Norton rejected Plaintiff's argument in *Dellinger v. Colvin*, concluding that the ALJ's decision to give "no weight" to the treating physician's opinion complied with Social Security Ruling 96-2p because the ALJ "gave 'specific reasons for the weight given to the treating source's medical opinion,' reasons that were 'supported by evidence in the case record.'" 2015 WL 5037942, at *9. Because the ALJ cited specific and legitimate reasons for assigning no weight to Dr. Yannetti's opinion that Plaintiff was disabled, and the reasons were supported by the evidence in the record, the ALJ complied with SSR 96-2p.

## II.     Residual Functional Capacity

The Magistrate Judge found that the ALJ's residual functional capacity determination that Plaintiff was capable of performing medium work with some limitations was supported by substantial evidence. Specifically, the Magistrate Judge concluded that the ALJ analyzed the evidence relating to the Plaintiff's limitations and appropriately accounted for each in his assessment. Plaintiff argues that the ALJ did not appropriately consider all of Plaintiff's impairments, both severe and non-severe, in combination when making his RFC assessment. In particular, Plaintiff argues the ALJ failed to consider that Plaintiff's pain worsened his depression,

his depression worsened his pain, and his MRSA infections made his psoriasis treatment more difficult.

Residual functional capacity is the most you can do despite your limitations and is assessed based on all the relevant evidence in the case record. 20 C.F.R. §§ 404.1545(a) and 416.945(a). If more than one impairment is present, the ALJ must consider all medically determinable impairments, including medically determinable impairments that are not "severe," when determining Plaintiff's residual functional capacity. *Id*. Under 20 C.F.R. § 404.1523, the ALJ must consider the combined effect of all impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity. *See Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989) ("[I]n evaluating the effect [ ] of various impairments on a disability benefit claimant, the [Commissioner] must consider the combined effect of a claimant's impairments and not fragmentize them.").

In this case, the ALJ adequately accounted for each of Plaintiff's medically determinable impairments when determining Plaintiff's residual functional capacity. The ALJ found that Plaintiff suffered from the following severe impairments: 1) lumbar spine degenerative disc disease; 2) psoriatic arthritis; 3) methicillin resistant staphylococcus aureus; and 4) depression with anxiety. The ALJ found that Plaintiff had the residual functional capacity to perform medium work with exceptions. Tr. at 15. The ALJ's residual function capacity assessment provided:

> He can lift up to 50 pounds occasionally and lift and carry up to 25 pounds frequently. The [Plaintiff] can sit six hours in an eight-hour workday, stand or walk six-to-eight hours in an eight-hour workday. He can push and pull constantly with his left upper extremity and can reach overhead frequently with his right upper extremity. The [Plaintiff] must avoid concentrated exposure to extreme cold; moderate exposure to extreme heat; and moderate

> exposure to wetness or humidity. He must avoid even moderate
> exposure to chemicals including the glue used in woodworking.
> The [Plaintiff] can work where there is no fast-paced production
> rate or fast-paced work.

Tr. at 15. In determining the Plaintiff's credibility and residual functional capacity, the ALJ stated:

> I have considered the treating and examining source evidence and I
> find it established the [Plaintiff's] impairments as severe but not
> disabling. . .
>
> After careful consideration of the evidence, I find that the
> [Plaintiff's] medically determinable impairments could reasonably
> be expected to cause the alleged symptoms; however, the
> [Plaintiff's] statements concerning the intensity, persistent and
> limiting effects of these symptoms are not entirely credible for the
> reasons explained in this decision.
>
> At the hearing, the [Plaintiff] testified that he still has Medicaid
> and is compliant with keeping appointments and his treatment
> regimen. He noted that he drives daily for short distances but does
> drive sometimes to the next community to pick up and drop off his
> children. The [Plaintiff] also stated he performs chores around the
> house, as he is able and within his limitations. His medications
> help him sleep at night but some of his medications for the back
> pain and arthritis make him sleepy. I have considered the
> [Plaintiff's] hearing testimony and I find it is credible and
> consistent with regard to the [Plaintiff's] impairments and
> symptoms. However, I find it is not credible with regard to the
> [Plaintiff's] limitations especially when considering his stated
> activities in the function report he completed in August 2011. The
> [Plaintiff] stated he mows the grass, keeps up his mother's yard,
> drives his car, and shops for groceries as needed. I also note that
> though he testifies to medication side effects, the evidence is void
> of any complaints to his physicians regarding drowsiness. The
> [Plaintiff] also alleges depression but the medical evidence is void
> of any mental health treatment or a consultative psychological
> evaluation, which shows that his symptoms are not as severe as he
> alleges. During Dr. Pranay's evaluation though he notes some
> evidence of depression in the [Plaintiff], the doctor states the
> [Plaintiff] is alert and oriented, as well as able to interact
> appropriately. He does testify to other home treatments such as
> special baths to help with the staph infections in addition to the

>   medication with good results in controlling the infections.  The
>   [Plaintiff's] symptoms related to the psoriatic arthritis, recurrent
>   staph infections, disc disease, and depression are accounted for in
>   his established residual functional capacity.
>
>   As for the opinion evidence, the physicians of the Disability
>   Adjudication Section assessed a medium residual functional
>   capacity.  I have considered their assessments and I find it is
>   appropriate and consistent with the objective evidence in light of
>   the claimant's combined physical impairments and limitations. . . I
>   did assess certain additional limitations based upon new medical
>   evidence and because I had the benefit of [Plaintiff's] testimony.
>
>   In sum, the above residual functional capacity assessment is
>   supported by the objective medical evidence supporting the
>   stability of the claimant's impairments with treatment.

Tr. at 16-17.

The Court finds the ALJ's discussion and analysis to be sufficient to demonstrate that he considered Plaintiff's impairments in combination.  While the ALJ could have been more explicit in stating that his discussion dealt with the combination of Plaintiff's impairments, his overall findings evaluate the combined effect of Plaintiff's impairments and the residual functional capacity determination contains limitations consistent with each of Plaintiff's impairments.  The ALJ accounted for Plaintiff's degenerative disc disease and psoriatic arthritis by limiting Plaintiff to lifting up to fifty pounds occasionally and twenty-five pounds frequently; sitting six hours and stand/walking six hours in an eight-hour day; pushing/pulling with his right upper extremity frequently; operating foot controls frequently; and reaching overhead frequently with his right upper extremity.  The ALJ accounted for Plaintiff's MRSA and psoriasis by restricting him from concentrated exposure to extreme cold, moderate exposure to extreme heat, moderate exposure to wetness, and any exposure to chemicals.  Finally, the ALJ accounted for Plaintiff's depression by

restricting him from work involving fast-paced work or production rates. The ALJ adequately considered Plaintiff's impairments in combination when determining Plaintiff's residual functional capacity. The Court finds, therefore, the ALJ's determination that Plaintiff retained the residual functional capacity to perform medium work with some exceptions is supported by substantial evidence. Any error on the part of the ALJ in failing to use explicit language is harmless. *See Thornsberry v. Astrue*, No. 4:08-cv-4075-HMH, 2010 WL 146483, at *5 (D.S.C. Jan. 12, 2010).

### III.    New Evidence Submitted to Appeals Council

The Social Security Regulations permit a claimant to submit additional evidence to the Appeals Council that was not before the ALJ. 20 C.F.R. § 404.970(b). Section 404.970(b) states:

> If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

*Id*. Nothing in the Social Security Act or regulations requires that the Appeals Council explain its rationale for denying review. *Meyer v. Astrue*, 662 F.3d 700, 705 (4th Cir. 2011). "Evidence is new within the meaning of [§ 404.970(b)] if it is not duplicative or cumulative." *Wilkins v. Sec'y, Dept. of Health and Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991). "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." *Wilkins*, 953 F.2d at 96.

Plaintiff submitted a one-page letter from Dr. Theodore Grieshop, M.D. to the Appeals Council. The letter indicated that Dr. Grieshop treated Plaintiff for his MRSA infections from September 16, 2011, through April 12, 2012. Tr. at 472. The letter goes on to state:

> Mr. Davis suffers from recurrent MRSA skin infections. Some people, such as Mr. Davis, have outbreaks more frequently than others. It is possible that his psoriasis predisposes him to having more frequent infections because irregular skin lesions provide the bacteria a place to colonize. The psoriatic lesions are an abnormality that the bacteria can exploit to propagate. He has on one occasion demonstrated intertriginous candidiasis, but his main skin issue is psoriasis. Mr. Davis consistently presented with psoriasis covering approximately 10-15% of his body including his chest, low back, belly, axillary region, inguinal region, and scattered across his legs and back. This condition was persistent despite his compliance with prescribed treatment. I am not his treating physician. I only treated him for his recurrent MRSA infections. We put him on decolonization regimen to decrease the amount of MRSA on his body. A person who has a boil that needs to be lanced should not be in contact with other people. It is not uncommon for an acute episode of MRSA infection, for a person to have enough pain that would prevent them from being able to attend work. It is consistent with his condition that he would need to miss work more than at least once a month on average due if not more to active MRSA outbreak. This was the case throughout the time period I saw him.

Tr. at 472.

The Magistrate Judge found that the additional evidence submitted to the Appeals Council did not warrant remand because the evidence was not "material" in that there was not a "reasonable possibility that the new evidence would have changed the outcome" of the decision finding Plaintiff not disabled. [R&R, ECF#17, at 11]. Specifically, the Magistrate Judge found the evidence was not material because: 1) Dr. Grieshop's letter did not discuss any of Plaintiff's functional limitations and mostly contained informational sentences about MRSA; and 2) Dr. Grieshop's letter was

15

inconsistent with his treatment notes, which indicated that Plaintiff's MRSA infections were under relatively good control when Plaintiff complied with his treatment regimen and that Plaintiff had not had any further MRSA infections in the last two months of treatment. The Magistrate Judge concluded that, after reviewing the record as a whole, including the new evidence submitted to the Appeals Council, substantial evidence exists to support the ALJ's decision.

Plaintiff argues that Dr. Grieshop's letter warrants remand under *Meyer v. Astrue*, 662 F.3d 700 (4th Cir. 2011) arguing that the record as a whole is not so "one-sided" in the Commissioner's favor, so that, assuming the ALJ weighed the new evidence and construed it in the claimant's favor, the case would nevertheless be denied. Plaintiff argues that Dr. Grieshop's letter could affect the ALJ's conclusion given the ALJ's indication that he was troubled by the fact that none of Plaintiff's other physicians gave endorsements of disability.

The Court disagrees with Plaintiff that Dr. Grieshop's letter is an endorsement of disability or could reasonably change the outcome of the case. The letter consists of general statements that are not supported by Dr. Grieshop's treatment records. For instance, the letter references limitations a person could experience if a boil needed to be lanced, but Dr. Grieshop's treatment notes do not reflect that Plaintiff required a boil to be lanced. Dr. Grieshop opines about Plaintiff's psoriasis but immediately equivocates that statement by saying that he is not treating Plaintiff for psoriasis and is only treating Plaintiff for recurrent MRSA infections. More importantly, when the letter was written, Dr. Grieshop had not seen Plaintiff in over one year. Plaintiff's last treatment notes dated April 12, 2012, indicate that Plaintiff's MRSA infections were under control and that Plaintiff had not had any further MRSA infections in the two months prior. On consideration of the record as a

whole, including Dr. Grieshop's one-page letter, substantial evidence supports the ALJ's denial of benefits.

## CONCLUSION

The Court has thoroughly reviewed the entire record as a whole, the briefs, the Magistrate Judge's R&R, Plaintiff's objections to the R&R, Defendant's reply to the objections, and applicable law. For the foregoing reasons, the Court hereby overrules Plaintiff's objections and adopts and incorporates by reference the Report and Recommendation of the Magistrate Judge. The Commissioner's decision is **AFFIRMED**.

**IT IS SO ORDERED**.

September 28, 2015  
Florence, South Carolina

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge